IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VANESSA GONZALES,

        Plaintiff,

v.

FIRST LEGACY ASSET MANAGEMENT, LLC,

        Defendant.

## COMPLAINT FOR DAMAGES

1. Defendant First Legacy Asset Management, LLC, a debt collection agency, unlawfully "spoofed" Plaintiff Vanessa Gonzales by calling her, but making its telephone number on her caller ID show the 13th Judicial District Court, and then telling her that papers had been received by the Sandoval County Court.

2. Defendant further violated the law by telling Plaintiff that she was going to be served that day with a warrant for issuing a bad check.

3. Defendant further violated the law by telling Plaintiff that it was going to file a lawsuit against her, when it had no intention of doing so.

4. Plaintiffs seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the New Mexico Unfair Practices Act, NMSA 1978 § 57-12-1 *et.seq*. ("UPA").

## Jurisdiction

5. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

## Parties

6. Plaintiff Vanessa Gonzales ("Ms. Gonzales") resides in Rio Rancho, New Mexico.

7. Defendant First Legacy Asset Management, LLC ("First Legacy") is a foreign corporation whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. First Legacy is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Facts

8. Ms. Gonzales obtained two loans in March, 2009, one from Midland Financial and the other from Namakan Capital, LLC.

9. Each loan was in the amount of $200.00.

10. Under the terms of each loan, she gave Midland Financial and Namakan Capital, LLC electronic access to her checking account, to allow it to withdraw loan payments at a later date.

11. Under the terms of each loan, the lenders will charge a fee of $30 for insufficient funds.

12. Later, due to identity theft, Ms. Gonzales had to close her bank account.

13. On or about April 14, 2010, Ms. Gonzales received a telephone call. Her caller ID showed that the call was from the 13th Judicial Court.

14. Ms. Gonzales answered the telephone and spoke to a man who told her that the court was calling to inform her that it had received "papers," and that she was going to be served with process at 4:00pm that day.

15. The man also told her that the papers would be a warrant regarding a bad check she had written.

16. The man further told Ms. Gonzales that she had an opportunity to avoid this by calling a number and making arrangements before the warrant was executed at 4:00 pm.

17. Upon information and belief, this man was an employee of First Legacy.

18. Ms. Gonzales made a telephone call to the number the man provided her, and spoke to Timothy Richter, an employee of First Legacy.

19. Mr. Richter told Ms. Gonzales that First Legacy had purchased the loans from Midland Financial and Namakan Capital, and that he was calling to collect on them.

20. Mr. Richter told Ms. Gonzales that he had faxed "the process papers to Sandoval County Court."

21. Mr. Richter told Ms. Gonzales that she owed $625.00 on each loan, which included a $275 processing fee for each loan.

22. This "processing fee" was not allowed under the terms of the contract, or by New Mexico law.

23. Ms. Gonzales explained that she had to close her bank account for legitimate reasons, and that her actions regarding the loan payments were not intentional.

24. Mr. Richter told her that it was up to the District Attorney to pursue the bad check.

25. Ms. Gonzales told Mr. Richter that she had not written any checks.

26. Mr. Richter told Ms. Gonzales that her action of closing her account after agreeing to allow electronic withdrawals was the same as writing a bad check.

27. On or about April 16, Mr. Richter called Ms. Gonzales and told her that possibly arrangements could be made "before suit is filed."

28. On or about May 19, Ms. Gonzales received another telephone call from First Legacy, this time from an employee who called identified himself as "Pat Bowers."

29. Mr. Bowers left Ms. Gonzales a message in which he stated that her case had been forwarded from the legal department to him in the fraud division.

30. Mr. Bowers further stated that he would be making a recommendation to the district attorney in Rio Rancho regarding the fraud on her First Union bank account.

31. Mr. Bowers further stated that First Legacy had recorded her conversation with Mr. Richter, and that First Legacy will be using that recording in litigation against her.

32. Mr. Bowers stated that in her conversation with Mr. Richter, Ms. Gonzales had promised to pay $297.50 on each account.  Ms. Gonzales had not made this promise.

33. Mr. Bowers instructed Ms. Gonzales to call him, or he would be contacting the district attorney in Rio Rancho and the district attorney there was "very difficult."

34. Mr. Bowers further stated that Ms. Gonzales should check her state's laws on bad checks to learn about the criminal and civil penalties.

35. On or about May 25, Mr. Bowers from First Legacy telephoned Ms. Gonzales again.

36. Mr. Bowers left Ms. Gonzales a message in which he stated that he had pending litigation, and that the Sandoval District Attorney would be receiving the documents that day.

37. Mr. Bowers again stated that Ms. Gonzales' telephone conversations with Mr. Richter had been recorded, and that she had promised to pay $297.50 on each account.

38. Mr. Bowers further stated that Ms. Gonzales had "multiple bad check charges at this point," and "the fraud charge will be stronger."

39. Mr. Bowers further stated that under the New Mexico laws for bad checks, the fines included one to three years in jail, along with a $1,000 fine.

40. Mr. Bowers provided Ms Gonzales with her case and summons number.

41. Mr. Bowers stated that she "will be being actively pursued at this point on," and "I will be sending this out to Sandoval County this afternoon."

42. To date, First Legacy has not filed any lawsuit, nor does it intend to file any lawsuit against Ms. Gonzales.

43. Upon information and belief, to date, First Legacy has not filed or provided any paperwork to the Sandoval County District Attorney, regarding Ms. Gonzales.

44. At no time did First Legacy provide Ms. Gonzales with the notice required by 15 U.S.C. §1692g.

45. First Legacy is not licensed to collect debts in New Mexico.

46. First Legacy is not registered with the New Mexico Public Regulation Commission, Corporations Division, to conduct business in New Mexico.

47. As a result of First Legacy's actions, Ms. Gonzales suffered actual damages, including fear, aggravation and frustration.

### First Claim for Relief: FDCPA

48. First Legacy's actions violate the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

49. Ms. Gonzales is entitled to recover statutory and actual damages.

### Second Claim for Relief: Violations of the Unfair Practices Act

34. The foregoing transactions occurred in the regular course of First Legacy's trade or commerce, and its actions are subject to the UPA.

50. The foregoing actions of First Legacy constitute unfair or deceptive trade practices within the meaning of the UPA, NMSA 1978 § 57-12-2D.

51. First Legacy willfully engaged in these unlawful trade practices.

52.     Plaintiff is entitled to recover actual or statutory damages, trebled.

## Request for Relief

Ms. Gonzales requests that this Court award:

A.      Enjoin First Legacy from conducting debt collection in New Mexico;

B.      Award statutory and actual damages for violations of the FDCPA;

C.      Award statutory or actual damages, trebled, for violations of the UPA;

D.      Award reasonable attorney fees and costs;

D.      Such other relief as it deems just and proper.

Respectfully submitted,

FEFERMAN & WARREN

*/s/ Susan Warren*

_____
SUSAN M. WARREN
300 Central Ave. SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)